JOHN A. ELLIOT, Respondent, v. ELBERT B. SINCLAIR, Appellant.— Defendant has appealed from a judgment in plaintiff's favor for the sum of $1,890.03, in an action for libel. Prior to January 16, 1937, plaintiff was employed by the defendant as a salesman of automobile trucks known as "Autocar." At defendant's request plaintiff brought to his premises a truck known as "F. W. D." Adjacent to these premises was a gasoline station owned by plaintiff. During the night of January fifteenth, or in the early morning of January 16, 1937, plaintiff's gasoline station was consumed by fire and the truck of defendant was considerably damaged. Plaintiff, on January 16, 1937, notified defendant, by telephone, of the fire and the damage to the truck. Later in the day defendant wrote the following letter to plaintiff which is the basis of the libel action: "Dear Sir: Please turn over that F. W. D. truck which you tried to burn up to Mr. Lynk and he will take it down to his place and paint it." It is admitted that defendant sent a copy of this letter to the Albany branch of the Autocar Sales and Service Company. After denying the material allegations of the complaint, defendant in his answer pleads, as a partial defense and in mitigation and in reduction of damages, that the letter was written as a joke. Neither in his answer nor upon the trial did defendant attempt to make any proof of jurisdiction for the writing of that letter. On appeal defendant's contentions are that the damages are excessive and that plaintiff failed to establish express malice on defendant's part. The letter is libelous per se. Defendant charges plaintiff with a criminal act. The amount of damages in a libel case is peculiarly for the jury. Judgment unanimously affirmed, with costs. Present — Hill, P. J., Rhodes, McNamee, Crapser and Heffernan, JJ.